T.C. Memo. 2012-125

UNITED STATES TAX COURT

ANNA MARIA RANDOLPH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22997-10.                Filed April 30, 2012.

Anna Maria Randolph, pro se.

<u>John K. Parchman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision, relating to petitioner's 2008 Federal
income tax return, are whether petitioner is liable for a section 72(t)(1) 10%

additional tax relating to distributions from a qualified retirement plan and whether interest is includible in petitioner's gross income pursuant to section 61.[1]

FINDINGS OF FACT

In 2008 petitioner, at age 49, received a retirement distribution of $42,853 (distribution) from a qualified retirement plan and $18 of interest income. On or about April 13, 2009, petitioner timely filed her Federal income tax return relating to 2008 on which she reported the distribution and the $18 of interest income. Respondent received a Form 1099-R, Distributions From Pensions, Annuities, Retirement, or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., and a Form 1099-INT, Interest Income.

On August 9, 2010, respondent sent petitioner a notice of deficiency relating to 2008. In the notice respondent determined that petitioner was liable for a 10% additional tax (i.e., an early withdrawal penalty) relating to the distribution and additional income tax relating to $17 of unreported interest. On August 23, 2010, in response to the notice of deficiency, petitioner sent respondent $4,500. On October 18, 2010, petitioner, while residing in Darrow, Louisiana, filed her petition with the Court.

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue.

## OPINION

In 2008 petitioner received an early distribution from a qualified retirement plan.[2]  Pursuant to section 72(t)(1), she is liable for a 10% additional tax relating to that distribution.  See sec. 71(t)(1) and (2); see also Dwyer v. Commissioner, 106 T.C. 337 (1996).  The distribution does not meet any of the exceptions set forth in section 72(t)(2).  Respondent also contends that petitioner received and failed to report an additional $17 of interest income.  Respondent, however, did not present any predicate evidence relating to this matter.  See Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991) (holding that "a court need not give effect to the presumption of correctness in a case involving unreported income if the Commissioner cannot present some predicate evidence supporting its determination"), aff'g in part, rev'g in part and remanding in part T.C. Memo. 1990-68.  Accordingly, we reject respondent's determination relating to interest income.

Contentions we have not addressed are irrelevant, moot, or meritless.

---

[2]Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

To reflect the foregoing,

Decision will be entered under

Rule 155.
